UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE AUSTIN LEANEAGH,<br><br>Defendant. | ) | CAUSE NO. 1:24-cr-00073-JRS-TAB |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and Carolyn A. Haney, Assistant United States Attorney, hereby files this Sentencing Memorandum in support of a sentence of 210 months in prison.

## I. Introduction

The seriousness of the crimes at issue in this case are difficult to overstate. The files that the defendant distributed and possessed depict horrific sexual abuse of children, many of whom are prepubescent. The defendant's collection included graphic videos of very young children forced to engage in sex acts with adults, including oral, vaginal, and anal intercourse. Some of the files in the defendant's collection depict the sexual abuse of infants and toddlers.

Because of the defendant's conduct, the victims depicted in these files will be revictimized for months and years to come. Not only did the defendant obtain the child pornography for his own pleasure, but he distributed the files via the social media application Kik, which allowed an unknown number of additional predators to have access to them. All the more aggravating is that

this is not the defendant's first offense—he was previously convicted of possession of child pornography in Monroe County, Indiana, in October 2022.

The defendant's conduct warrants a substantial prison sentence. A within-Guidelines sentence of 210 months is sufficient, but not greater than necessary, to reflect the seriousness of the offense, provide just punishment, achieve deterrence, protect the public, and promote respect for the law, and is warranted in light of the defendant's history and characteristics.

## II. Procedural History

On May 7, 2024, the defendant was charged in an eight-count Indictment with Distribution of Child Pornography (Counts 1 through 7) and Possession of Child Pornography (Count 8). (Dkt. 1.) On February 23, 2026, a Petition to Enter Plea of Guilty and Plea Agreement was filed in which the defendant has agreed to plead guilty to Counts 1 and 8. (Dkt. 33.) A change of plea and sentencing hearing has been set for June 25, 2026. (Dkt. 41.)

## III. The Offense Conduct

The defendant knowingly distributed child pornography over the social media application Kik on multiple occasions—and from multiple different accounts—in August and October of 2023. (PSR ¶¶ 11-20.) The files the defendant shared depicted the horrific sexual abuse of children, some of whom were prepubescent. (*Id.*) These files depict adult men orally, vaginally, and anally sexually assaulting very young children, including infants and toddlers. (*Id.*)

Some of the account names utilized by the defendant demonstrate that he was fully aware of what he was doing, including the names "love_little1s" and "dumbkinderluv." (*Id.* ¶¶ 14, 18.) The fact that he utilized seven different accounts, over multiple days, shows that this was not a one-time lapse in judgment, but a series of choices to share the devastating sexual abuse of children.

A forensic examination of the defendant's cellphone revealed additional files of child pornography; in total, his collection had more than 600 images and videos. (*Id.* ¶¶ 22, 24.) As with the files distributed by the defendant, the files he possessed were highly disturbing, involving sadomasochistic conduct and the sexual abuse of infants and toddlers. (*Id.*) Devastatingly, one of the files depicts an adult man repeatedly forcing his penis into the mouth of a young female child as she cries and tries to stop him. (*Id.* ¶ 22.) Another depicts an adult man ejaculating onto a young child's face. (*Id.*)

## IV. Application of the 3553(a) Factors

### A. A Sentence of 210 Months Reflects the Seriousness of the Offense and Provides Just Punishment.

Offenses involving child pornography are among the most serious cases that come before the Court because they involve the most vulnerable members of our society. The production of child pornography causes grave harm to the children depicted in the files. The files in this case involved children so young they may not have even realized what was happening to them at the time of the abuse—but nevertheless may have that abuse viewed by hundreds or thousands of predators and be haunted by it for years to come. Given what they experienced, it can be said with near certainty that at least some of these children experienced significant physical pain, as well as emotional trauma, as a result of the production of this material.

Although the defendant is not the one who subjected these children to sexual abuse in the first instance, his distribution and possession of this material re-victimized them all over again. These children had their innocence taken from them in what can only be described as an evil, abhorrent act. And then that evil, abhorrent act was recirculated over and over and over again for an untold number of others to watch. These children have to live with the knowledge that anyone

they pass on the street may have seen the materials documenting the sexual abuse they suffered—that they will be recognized. This harm is completely separate from the harm of production. Even after the physical abuse has ended, these children continue to be victimized for years to come. In *New York v. Ferber*, the Supreme Court recognized as much:

> [P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.

458 U.S. 747, 759, n.10 (1982) (citation omitted).

Without the demand for this type of material by individuals like the defendant, there would be no market for child pornography and thus no need to create a supply. The defendant's distribution and possession contribute to the continued abuse of children, creating even more victims by encouraging others to produce new images of child pornography. As recognized by the Seventh Circuit, "[y]oung children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded—both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007).

The defendant's conduct in this case is especially serious. He distributed the material on multiple occasions and from multiple accounts. This was not a mistake or an isolated incident. The defendant shared and possessed files that depict the violent sexual assault of children as young as infants. This egregious conduct warrants a lengthy term of incarceration, and a sentence of 210 months would reflect the seriousness of the offense and promote just punishment.

### B. The Defendant's History and Characteristics Warrant a Sentence of 210 Months

This is not the defendant's first offense. The defendant was previously convicted of Possession of Child Pornography in October 2022 in Monroe County, Indiana. (PSR ¶ 48.) The facts underlying this conviction are highly concerning and show that the defendant's sexual interest in children is not limited to images and videos that he views online but extends to children he has access to in real life. In that case, the defendant used his cellphone to take images of a seven-year-old child's vagina while she slept, which the child's mother later discovered. (*Id.*)

In addition to his October 2022 conviction for possessing child pornography, the defendant sustained a conviction for intimidation in April 2022 in Jackson County, Indiana. (PSR ¶ 50.) That conviction stemmed from messages the defendant sent to a former coworker in which he threatened to commit sexual acts with her and insinuated that he had been stalking her. (*Id.*) The defendant's history demonstrates that he is not only a threat to children online but a danger to women and children he encounters in person.

### C. A Sentence of 210 Months is Necessary to Afford Adequate Deterrence, Protect the Public, and Promote Respect for the Law.

There is also a strong need in this case to deter the defendant from committing another offense, protect the public, and promote in the defendant respect for the law.

As detailed above, this is not the defendant's first conviction involving child pornography. And, in the instant case, he distributed child pornography on several occasions and was found with a collection of more than 600 sexually explicit images and videos of children. To the extent the defendant has made attempts to stop seeking out child pornography in the past, he has clearly been unwilling—or unable—to do so.

A lengthy sentence of imprisonment is necessary to deter the defendant from continuing to

distribute or possess child pornography and to protect the children in the material from being re-victimized, and thus re-traumatized. While incarcerated, the defendant will be unable to access his collection of child pornography or to download new files. And hopefully, a lengthy prison sentence will deter the defendant from seeking to create a new collection of child pornography upon his release.

Just as important, the sentence from the Court must send a message to all individuals who are contemplating similar behavior that it is not remotely acceptable and that they will spend a significant period of their life in prison if they choose to distribute or possess child pornography. A sentence of 210 months will send this message.

## V. Conclusion

The defendant chose to distribute child pornography on multiple occasions. Because of his choices, images and videos depicting the sexual abuse of children will circulate in perpetuity, which greatly contributes to the trauma experienced by the abused children depicted in his collection. Accordingly, the government respectfully requests the Court sentence the defendant to a term of imprisonment of 210 months.

Respectfully Submitted,

THOMAS E. WHEELER II
UNITED STATES ATTORNEY

By: /s/ Carolyn A. Haney
Carolyn A. Haney
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: Carolyn.Haney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Carolyn A. Haney
Carolyn A. Haney
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: Carolyn.Haney@usdoj.gov